

Feb 24 2023

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF FUNDS CONTAINED IN:<br><br>STRIDE BANK, N.A. ACCOUNT NO. 248135967185, UP TO AND INCLUDING THE AMOUNT OF $84,434.50 | **UNDER SEAL**<br><br>Case No. 3:23-sw-39 |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEIZURE WARRANT

I, Alen Krso, a Special Agent with the United States Secret Service, Richmond Field Office, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the United States Secret Service since 2019. Since 2010, I have been a Federal Police Officer with the United States Secret Service Uniformed Division. I was assigned to the Explosives Detection Canine Unit for almost six years. I was assigned to the United States Secret Service Uniformed Division – White House Branch for three years. I have received training in various aspects of federal law enforcement, including the investigation of identity theft, bank fraud, wire fraud, access device fraud, and money laundering. I have participated in multiple investigations that have resulted in criminal arrests, seizures, and prosecutions. I have also been the affiant on search, arrest, and seizure warrants that have resulted in successful arrests, seizures, and prosecutions.

1

## PURPOSE OF AFFIDAVIT

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested seizure warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, and knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

4.     This Affidavit is submitted in support of an application for a seizure warrant pursuant to 18 U.S.C. § 981(b), which provides the seizure procedures.  The property to be seized is the following:

    a. **Stride Bank, N.A. account number 248135967185 in the name of William Peterson ("SUBJECT ACCOUNT"), up to and including $84,434.50.**

5.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe the all the funds in the SUBJECT ACCOUNT are fraud proceeds from a government funded program, in violation of federal statutes that provide forfeiture authority through 18 U.S.C. § 981(a)(1)(c)), including, but not limited, to 18 U.S.C. §§ 1343 (wire fraud) and 641 (theft of government funds).

## SEIZURE AND FORFEITURE AUTHORITY

6.     18 U.S.C. § 1343 (wire fraud) provides that it is unlawful for any person to devise a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses and cause an interstate wire communication in furtherance of the scheme.

7.     18 U.S.C. § 641(theft of government funds) provides that it is unlawful for any

person to steal, embezzle, purloin, or knowingly convert for his or her own use or the use of another any record, voucher, money, or thing of value of the United States or of any department or agency thereof.

8. 18 U.S.C. § 981(a)(1)(C) (forfeiture for specified unlawful activities) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting a specified unlawful activity ("SUA"), as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such SUA. 18 U.S.C. § 1956(c)(7)(A) provides that any act or activity constituting an offense under 18 U.S.C. § 1961(1) constitutes an SUA, with the exception of an act indictable under subchapter II of Chapter 53 of Title 31 of the U.S. Code. 18 U.S.C. § 1961(1) references violations of 18 U.S.C. § 1343. 18 U.S.C. § 1956(c)(7)(D) references violations of 18 U.S.C. § 641.

9. Your affiant notes that the SUBJECT ACCOUNT is presently located at Stride Bank, which is an Oklahoma-based financial institution.[1] Title 18, United States Code, Section 981(b)(3) permits the issuance of a seizure warrant by a judicial officer in any district in which a forfeiture action against the property may be filed and may be executed in any district in which the property is found. In this case, the SUBJECT ACCOUNT was opened in the Eastern District of Virginia and has a mailing address of 3812 Puddledock Rd TRLR 64, Prince George, VA 23875. The account is solely owned by William Peterson ("PETERSON"), a resident of the Eastern District of Virginia.

---

[1] Your affiant is aware that Stride Bank offers full range of financial services such as consumer and commercial banking, mortgage, wealth management and treasury management. Stride Bank has branches throughout Oklahoma in Enid, Tulsa, Oklahoma City, Bartlesville, Blackwell, Woodward, and Mooreland.

**STATEMENT OF FACTS**

10. There is probable cause to believe that PETERSON received the proceeds of a fraudulent Economic Injury Disaster Loan ("EIDL"). As explained below, the EIDL application associated with the fraudulent proceeds at issue was false and misleading, as the application was filed without the knowledge and consent of the ostensible applicant, in violation of federal law, including, but not limited to, 18 U.S.C. §§1343 (wire fraud) and 641 (theft of government funds).

11. On March 27, 2020, the President signed into law the Coronavirus Aid Relief and Economic Security (CARES) Act, which, among other things, provided emergency assistance to small business owners, including agricultural businesses, and nonprofit organizations in all U.S. States, Washington, D.C., and territories affected by Coronavirus (COVID-19) pandemic. The two sources of funding for small businesses were the Paycheck Protection Program (PPP) and the EIDL program, which was administered by the Small Business Administration ("SBA").

12. The CARES Act allocated billions of dollars in COVID-related EIDL funding via legislation enacted on or about March 27, 2020, and on or about April 24, 2020. The SBA EIDL program provided small businesses with working capital for fixed debts, payroll, accounts payable, and other expenses. Small businesses could receive an advance of funds up to $10,000 and loans of up to $2,000,000. Individuals could apply via SBA's online website for both the EIDL advances and loans. The EIDL advance did not require any business documentation and could be approved within 1-3 days. The EIDL loans requested minimal documentation and information from the small businesses to process the loan for approval.

*Investigation at Present*

13.     On December 17, 2021, the United States Secret Service – Richmond Field ("Secret Service") office was notified by Tamra Reekes, Vice President/BSA Officer of Citizens Bank and Trust Company in Blackstone, Virginia, that Citizens Bank customer, PETERSON, received loan proceeds from an SBA loan and that PETERSON had made multiple bank transfers from his Chime account[2] into his Citizens Bank savings account 4156471 ("Citizens Bank Account").  Reekes advised that PETERSON does not own any businesses, and PETERSON had advised the bank employees that he did not apply for an SBA loan.  Reekes further advised that Citizens Bank froze PETERSON's Citizens Bank Account with $9,595.31 remaining in the account.[3]

14.     On December 20, 2021, your Affiant contacted PETERSON via telephone. PETERSON agreed to meet at Citizens Bank located at 497 Southpark Circle Colonial Heights, Virginia 23834 for an interview regarding the EIDL proceeds he received.

15.     On December 22, 2021, your Affiant, along with Secret Service Special Agent Matthew Miranda, responded to Citizens Bank, located at 497 Southpark Circle Colonial Heights, Virginia 23834, and conducted an interview of PETERSON.

---

[2] The account PETERSON references as his Chime account is the SUBJECT ACCOUNT.  Your affiant is aware that Chime Financial, Inc. is an American financial technology company that provides fee-free mobile banking services provided by The Bancorp Bank or Stride Bank, N.A. Chime Financial, Inc. is a non-bank financial technology company based in San Francisco, California.  Accountholders are issued Visa debit cards or credit cards and have access to an online banking system accessible through the company's website or via its mobile application.

[3] PETERSON voluntarily signed United States Secret Service Property Release form for the remaining balance in his Citizens Bank Account totaling $9,595.31.

16. During the interview, PETERSON stated that about two years ago he was messaged on Facebook by someone named "Emily Page," and they began a relationship. PETERSON stated that he sent money to Page for living expenses via Bitcoin. PETERSON further stated that Page helped him set up a Chime account[4] in his name. PETERSON also stated that he and Page shared the same username and password for online access to his Chime account. PETERSON said that he was told by Page that she would transfer money from her father's inheritance into the Chime account. Subsequently, PETERSON said that he noticed a deposit of $95,500 into the Chime account. PETERSON stated that Page asked him to send multiple cashier's checks to different names. PETERSON stated that he made multiple transfers from his Chime Account to his Citizens Bank Account totaling $9,595.31.

17. PETERSON stated that he became suspicious of the source of the funds in his Chime account and shared his concern with Citizens Bank Operation Manager Shelly Orise. PETERSON said that Orise helped him create a new password for his Chime Account so that Page would not gain access to the funds. PETERSON stated that, after he talked to Orise, he became aware that the money Page claimed to have received from her father's inheritance actually came from the SBA.

18. PETERSON said that he never applied for an SBA loan and that he did not provide his personal information to anyone else to obtain a loan. PETERSON stated that he contacted SBA customer service and advised them that he had received loan proceeds into his Chime account. He further stated that SBA advised him that there was no record of SBA loans

---

[4] Your affiant continues to state the "Chime account" for purposes of accurately describing PETERSON's statements during the interview. Your affiant has confirmed that the Chime account described by PETERSON at all times during his interview is the SUBJECT ACCOUNT.

filed in PETERSON's or Page's name. PETERSON advised that he did not access the remaining funds from his Chime account and the account has a balance of $84,434.50.

19. PETERSON expressed willingness to voluntarily forfeit the remaining balance in his Chime account and acknowledged the funds were fraud proceeds. PETERSON stated that he no longer has access to his Chime Account and that he is not sure why he is locked out of the account.  PETERSON reviewed and signed a Secret Service Money Mule form and advised that he would cease all contact with Page.

### *Economic Injury Disaster Loan Number 8863988102*

20. Based on continued investigation, your Affiant has confirmed that the $95,000.00 PETERSON received on July 28, 2020, into the SUBJECT ACCOUNT was from an Economic Injury Disaster Loan (EIDL), loan number 8863988102 approved by the SBA.

21. Your Affiant requested and received documents from the SBA for loan number 8863988102. After reviewing the loan documents, your Affiant determined that the $95,000.00 EIDL loan was obtained from an EIDL application using the name and personal identifiers of J.P. submitted to the SBA on July 22, 2020.

22. On January 6, 2022, your affiant contacted J.P. and conducted a telephonic interview. J.P. is a resident and business owner from Georgetown, Texas. Your affiant received additional details from J.P. about his business in Georgetown, Texas. J.P. was not aware of the EIDL loan number 8863988102 obtained in his name. J.P. stated that he did not apply for EIDL loan number 8863988102, he did not provide his personal identifying information to anyone for purposes of obtaining the EIDL loan, and he had no knowledge of anyone in Virginia receiving the EIDL loan.

23.  After the interview, your affiant advised J.P. to contact the SBA to let SBA

know that J.P. had not applied for EIDL loan number 8863988102. J.P. also decided to notify his creditors and check his account activity to make certain there were no other fraudulent activities.

## FINANCIAL ANALYSIS

24. On December 22, 2021, Reekes provided your Affiant with supporting bank account documents from PETERSON. The documents included a printout of a screenshot photo of PETERSON's SUBJECT ACCOUNT, depicting a deposit from Sbad treas 310, misc pay $95,500.00 deposited on July 28, 2020.

25. Your affiant received financial records of the SUBJECT ACCOUNT from Stride Bank.  A review of those records reflects the transactions depicted in Exhibit A below.

### Exhibit A

### Record 1: Transactions of the SUBJECT ACCOUNT

| DATE | DETAILS | AMOUNT |
| --- | --- | --- |
| 7/11/2020 | POSCash Swipe Reload | $50.00 |
| 7/12/2020 | Pay Friends Transfer | ($50.00) |
| 7/28/2020 | SBAD TREAS 310, MISC PAY | $95,500.00 |
| 7/29/2020 | Bank Transfer to Citizens Bank | ($115.50) |
| 7/29/2020 | Bank Transfer to Citizens Bank | ($8,000.00) |
| 7/30/2020 | Bank Transfer to Citizens Bank | ($1,450.00) |
| 7/30/2020 | Card to Card to L.S. | ($500.00) |
| 7/31/2020 | Pay Friends Transfer | ($1,000.00) |

26. According to the financial records provided by Stride Bank, the SUBJECT

ACCOUNT was established on June 29, 2020. The first deposit into the SUBJECT ACCOUNT was on July 11, 2020, for $50.00.  On July 12, 2020, after a $50 transfer, the SUBJECT ACCOUNT was depleted of funds. On July 28, 2020, the SUBJECT ACCOUNT received the aforementioned EIDL loan deposit in the amount of $95,500.00. On the following day, July 29, 2020, PETERSON made two (2) bank transfers from the SUBJECT ACCOUNT into his Citizens Bank Account. On July 30, 2020, PETERSON made an additional bank transfer from the SUBJECT ACCOUNT into his Citizens Bank account.  Two other withdrawals, totaling $1,500 were made over the course of July 30 and July 31 of 2020.

27.    On February 23, 2023, your affiant confirmed with Robbi Thompson, a Fraud Analyst with Stride Bank, that no additional deposits or withdrawals have affected the SUBJECT ACCOUNT and the balance remaining is $84,434.50.

## CONCLUSION

28. Based on the facts and circumstances set forth above, your affiant submits there is probable cause to believe that PETERSON received the proceeds of a fraudulent EIDL application into the SUBJECT ACCOUNT, an account owned by PETERSON. Therefore, there is probable cause to conclude the SUBJECT ACCOUNT contains the proceeds of wire fraud and theft of government funds. As such, these funds are subject to civil forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C), and therefore are subject to civil seizure pursuant to 18 U.S.C. § 981(b). I therefore respectfully request that this Court issue a seizure warrant allowing Agents to seize all funds in the SUBJECT ACCOUNT up to and including $84,434.50.

Respectfully submitted,

*Alen Krso*
Alen Krso
Special Agent
United States Secret Service

Subscribed and sworn to by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 24th day of February 2023, at Richmond, Virginia.

/s/ MRC
The Honorable Mark R. Colombell
UNITED STATES MAGISTRATE JUDGE